IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JONATHAN JASON RODRIGUEZ,

        Plaintiff,

    v.

BRAD CAIN, et al.,

        Defendants.

Case No. 2:19-cv-00087-AC

ORDER

IMMERGUT, J.

    Plaintiff, an adult in custody at the Snake River Correctional Institution, brings this civil rights action pursuant to 42 U.S.C. § 1983. Currently before the court is plaintiff's request[1] for

---

[1] Plaintiff did not file a Motion seeking preliminary injunctive relief, but instead submitted a proposed "Order to Show Cause for a Preliminary Injunction & a Temporary Restraining Order" with an attached Memorandum of Law in Support. Plaintiff also did not submit an affidavit or verified complaint containing specific facts that "clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition" as required for a temporary restraining order under Fed. R. Civ. P. 65(b)(1)(A). Due to plaintiff's *pro se* status, however, the court construes plaintiff's submissions as a formal motion for preliminary injunction and temporary restraining order, and considers the facts set forth in those submissions. When reviewing evidence presented for a preliminary injunction or a TRO, the court applies relaxed

1 - ORDER

preliminary injunction and temporary restraining order (ECF No. 20). For the reasons that follow, the court denies plaintiff's request.

## BACKGROUND

Plaintiff's Complaint alleges claims of excessive force and violation of his due process rights in connection with a use of force incident on November 20, 2018, and ensuing disciplinary proceedings. In his request for preliminary injunction and temporary restraining order, plaintiff asserts that defendants verbally harassed him thereafter for filing grievances. Plaintiff seeks an order restraining defendants from further harassment, verbal threats, physical abuse, retaliation, or other deprivation of plaintiff's rights. Plaintiff also seeks transfer to a different institution.

## LEGAL STANDARDS

In deciding whether to grant a motion for temporary restraining order, courts look to substantially the same factors that apply to a court's decision on whether to issue a preliminary injunction. *See Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). A preliminary injunction is an "extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). A plaintiff seeking a preliminary injunction generally must show that: (1) he or she is likely to succeed on the merits; (2) he or she is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his or her favor; and (4) that an injunction is in the public interest. *Id*. at 20.

---

evidentiary standards for admissibility. The court "may give even inadmissible evidence some weight, when doing so serves the purpose of preventing irreparable harm." *Native Fish Society v. Nat'l Marine Fisheries Serv.*, No. 3:12-cv-00431, 2013 WL 12120102, at *7 (D. Or. May 18, 2013) (quoting *Flynt Distrib. Co. v. Harvey*, 734 F.2d 1389, 1394 (9th Cir. 1984)).

2 - ORDER

In *Winter*, the Supreme Court rejected the Ninth Circuit's earlier rule that the mere "possibility" of irreparable harm was sufficient, in some circumstances, to justify a preliminary injunction. *Id*. The Court held that plaintiffs must establish that irreparable harm is likely, not just possible, in order to obtain a preliminary injunction. *Id*. The Supreme Court's decision in *Winter*, however, did not disturb the Ninth Circuit's alternative "serious questions" test. *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131-32 (9th Cir. 2011). Under this test, a preliminary injunction is appropriate when a plaintiff shows that "serious questions going to the merits were raised and the balance of hardships tips sharply in plaintiff's favor," assuming the other two elements of the *Winter* test are also met. *Id*. at 1134-35. This test applies a sliding scale approach where a stronger showing of one element of the preliminary injunction test may offset a weaker showing of another. *Id*. at 1132. Thus, a preliminary injunction may be granted "if there is a likelihood of irreparable injury to plaintiff; there are serious questions going to the merits; the balance of hardships tips sharply in favor of the plaintiff; and the injunction is in the public interest." *M.R. v. Dreyfus*, 697 F.3d 706, 725 (9th Cir. 2012).

## DISCUSSION

At this juncture of the case, the court cannot determine that plaintiff is likely to succeed on the merits of his case. Moreover, plaintiff has failed to demonstrate imminent irreparable harm necessary to support a preliminary injunction. *See Winter*, 555 U.S. at 20; *Alliance for the Wild Rockies*, 632 F.3d at 1131. "The fact that plaintiff has met the pleading requirements allowing him to proceed with the complaint does not, *ipso facto*, entitle him to a preliminary injunction." *Claiborne v. Blauser*, No. CIV S-10-2427 LKK, 2011 WL 3875892, at *8 (E.D. Cal. Aug. 31, 2011), *report and recommended adopted*, No. CIV S-10-2427 LKK, 2011 WL 4765000 (E.D. Cal. Sept.

29, 2011). Instead, to meet the "irreparable harm" requirement, plaintiff must do more than simply allege imminent harm; he must demonstrate it. *Caribbean Marine Servs. Co., Inc. v. Baldridge*, 844 F.2d 668, 674 (9th Cir. 1988). Mere "[s]peculative injury does not constitute irreparable injury sufficient to warrant granting a preliminary injunction." *Id*. at 674-75.

In addition, plaintiff does not have a constitutional right to be housed or transferred to the institution of his choosing, *see Olim v. Wakinekona*, 461 U.S. 238, 244-48 (1983), and his allegations of potential future harm and risk of injury at SRCI based on past events are merely speculative. *See Caribbean Marine*, 844 F.2d at 674-75. Plaintiff fails to establish that he currently faces the type of immediate and credible threat of irreparable harm necessary to justify extraordinary injunctive relief at this stage of the case. A past injury "does not provide standing to seek prospective injunctive relief '[a]bsent a sufficient likelihood that [the plaintiff] will again be wronged in a similar way[.]'" *Gonzalez v. United States Immigration and Customs Enforcement*, --- F.3d ---, 2020 WL 5494324, at *9 (9th Cir. Sept. 11, 2020) (quoting *City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983)); *see also Goldie's Bookstore, Inc. v. Superior Court of State of Cal.*, 739 F.2d 466, 472 (9th Cir. 1984) ("Speculative injury does not constitute irreparable injury."); *Rigsby v. State*, No. CV 11-1696-PHX-DGC, 2013 WL 1283778, at *5 (D. Ariz. Mar. 28, 2013) (denying prisoner's TRO based on fear of potential future injury based on past assaults); *Chappell v. Stankorb*, No. 1:11-CV-01425-LJO, 2012 WL 1413889, at *2 (E.D. Cal. Apr. 23, 2012) (denying injunctive relief where prisoner's claims of injury based on current or future housing decisions were nothing "more than speculative."), *report and recommendation adopted*, No. 1:11-CV-01425-LJO, 2012 WL 2839816 (E.D. Cal. July 9, 2012). A presently existing actual threat must be shown, even though injury need not be certain to occur. *See Zenith Radio Corp. v. Hazeltine Research, Inc.*, 395 U.S.

100, 130-31 (1969); *FDIC v. Garner*, 125 F.3d 1272, 1279-80 (9th Cir. 1997); *Caribbean Marine*, 844 F.2d at 674. Plaintiff's vague allegations do not support a finding of irreparable future harm. Accordingly, Plaintiff's request for preliminary injunction and temporary restraining order must be denied.

## CONCLUSION

For these reasons, the court DENIES plaintiff's request for preliminary injunction and temporary restraining order (ECF No. 20).

IT IS SO ORDERED.

DATED this 2nd day of October, 2020.

Karin J. Immergut
United States District Judge